*George W. Bruen et al.* v. *John A. Stevens.* G. Wood, for appellant; J. L. Mason, for respondents. Decree of the assistant vice chancellor affirmed with costs; and proceedings remitted to vice chancellor of the first circuit.

*Patrick Ellis* v. *Arthur Harrison et al.* J. M. Bixby, for appellant; H. Nicoll, for respondents. Decree of the assistant vice chancellor affirmed with costs.

*Lucas Elmendorf* v. *Lloyd S. Danbury.* W. Silliman, for appellant; M. McDonald, for respondents. Decree of the vice chancellor of the 6th circuit affirmed with costs. Decree to be entered *nunc pro tunc* as of some day subsequent to the submission and previous to the death of the complainant.

*James G. King* v. *Henry Whitely et al.* J. Blunt, for appellant; John Wallis, for respondents. Decree appealed from affirmed with costs, and proceedings remitted.

*John McWhorter et al.* v. *James McMahan.* C. H. S. Williams, for complainants; A. Taber, for defendant. The *Agreements for the sale of land. What is a sufficient signing, within the statute of frauds.* chancellor decided in this case, that under the present statute of frauds it was necessary a contract for the sale of land should not only be in writing and signed by the party who is attempted to be charged upon such contract, but it must be subscribed by the vendor also. That such a contract need not be signed by the vendor personally; but it will be sufficient if it is signed by an agent duly authorized. And that it is not necessary the authority of such agent should be in writing. That in a suit for the specific performance of a contract to purchase land, signed by the agent of the vendor, it is only necessary for the vendor to establish the fact, by parol, that the person signing the contract as agent for him was *lawfully* authorized to sign as such agent.

Decretal order of the vice chancellor of the eighth circuit affirmed with costs, and proceedings remitted.

*Henry Roosevelt, adm'r, &c.* v. *Azariah T. Ellithorp and wife.* H. W. Warner, for complainant; C. Ellis, for defendants. Decree appealed from affirmed with costs.

*Joseph Wallis* v. *Nathaniel P. Tallmadge et al.* H. W. Warner, for complainant; M. Porter, for the defendant.

In this case the chancellor decided that a plea is a special answer, and may be put in upon payment of costs of a contempt for not answering, after service of the ordinary or first attachment to compel an answer. But that after a contempt duly prosecuted to an attachment with proclamations returned, no plea, or demurrer will be received except upon motion in court on an affidavit showing a sufficient excuse, in addition to the payment of the costs of the contempt. That a defendant cannot purge his contempt for not answering, in any stage of the proceedings, after an attachment has been issued, by putting in a demurrer to the whole or any part of the bill. That he must, therefore, even upon a common attachment, either plead or answer to the whole bill, unless the court, upon special motion for that purpose, shall see fit to give him leave to demur.

*Practice as to putting in plea after defendant is in contempt for want of an answer.*

Application to take the plea from the file denied; and the application to discharge the defendant from the attachment granted, on payment of costs, within ten days after service of taxed bill.

*Lewis Curtis et al.* v. *Cyrus Hitchcock.* W. C. Noyes, for complainants; W. C. Wetmore, for defendant. The chancellor stated that where the complainant in a foreclosure suit dismisses his bill as against a judgment creditor who has a subsisting lien on the mortgaged premises, or leaves his name out of the bill by amendment, the safer course was to file a new notice of the pendency of the suit against the remaining parties; so as to render it perfectly certain that the judgment creditor whose name is left out after the filing of the first notice will be barred by the foreclosure and sale. And he decided that where the bill is amended by adding new parties after the filing of the notice of *lis pendens,* a new notice is absolutely necesssary to bar the rights of the judgment creditors of such new parties, as well as to make the amended bill constructive notice to subsequent purchasers from such new parties. That a notice of *lis pendens* filed before the passing of the act of 1840, to reduce the expense of foreclosing mortgages, is not a sufficient notice to bar the rights of judgment creditors who are not made parties. But that an

*Notice of lis pendens.*